IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:14-cr-03077-MDH-1 |
| ) | |
| TYLER COONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's notice of appeal from the Magistrate Judge's denial of Defendant's second supplemental motion for release (Doc. 51). The Court construes this "appeal" as a motion to revoke the detention order pursuant to 18 U.S.C. § 3145(b). Upon prompt and de novo review, the Court hereby **AFFIRMS** the decision of the Magistrate Judge.

## BACKGROUND

Defendant is a 24-year-old male charged with enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a) and (e) and receiving and distributing a visual depiction that contained a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The Indictment charges Defendant with committing the above offenses between January 1, 2014 and June 20, 2014.

After Defendant was indicted in federal court on September 30, 2014, the Government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f). The Government argued that Defendant should be detained in light of the statutory rebuttable presumption contained in 18 U.S.C. § 3142(e)(3)(E), the nature and circumstances of the offenses alleged, and the

overwhelming weight of the evidence against Defendant.[1] Defendant argued, conversely, that he should be released on conditions pending trial in light of his family/community support system, his mental diagnoses and the fact that "he has the mind of a 14-year-old," his likely vulnerability in jail, his lack of criminal history, his compliance with strict bond conditions imposed by the state court, and his employment of private counsel. Judge Rush ordered that Defendant be detained pending trial, finding "[b]ased on the evidence presented at the hearing, there are no conditions that the Court can impose that would reasonably assure the safety of other persons or the community." Judge Rush determined detention was appropriate based on the statutory rebuttable presumption for offenses involving minor victims, the overwhelming weight of the evidence against Defendant, the nature of the instance offenses, and Defendant's substance abuse history and mental health history described in the Pretrial Services Report.[2]

On August 25, 2015, after defense counsel moved for a psychiatric examination to determine whether Defendant was competent to stand trial and after Defendant was found competent to stand trial, Defendant filed a "supplemental" motion for release. Defendant's motion raised the same arguments made during the detention hearing and further argued that

---

[1] Kenneth Killian, a Special Agent with the Homeland Security Investigations in Springfield, Missouri testified that he became involved with Mr. Coons after a man reported that his 11-year-old daughter was conversing with Mr. Coons on Facebook and Mr. Coons had attempted to meet her at an elementary school. According to Mr. Killian, a preliminary investigation revealed that Mr. Coons communicated with approximately six different minors during the first six months of 2014 and "most of the conversations started off just conversant, were normal conversations . . . [a]nd then it appears that Mr. Coons would subtly try to groom them to start sending them pictures or talk sexually explicit content during those conversations." Mr. Killian testified that at least one juvenile, a 16-year-old female, sent sexually explicit photographs to Mr. Coons at his request and that Mr. Coons sent her pictures of his penis. Mr. Killian stated that it was further determined during the course of the investigation that Mr. Coons had engaged in sexual contact with a 15-year-old female and a 17-year-old female at his home on the night before the state search warrant was executed. In addition to Mr. Killian's testimony, the Government indicated that the Facebook search warrant revealed Mr. Coons was communicating with girls who were nine, eleven, twelve, thirteen, fourteen, fifteen, and sixteen years old and Defendant made statements such as "You horny?" and "Send me nude pics."

[2] Judge Rush noted at the detention hearing that he is not bound by the state court's decision on pre-trial detention; that family support is not a factor to consider unless it impacts dangerousness to the community and, here, that factor can cut both ways because Defendant committed the instant offenses while living at his parent's home while they were involved in his life; that open bed space is not a factor to consider; that employing private counsel has absolutely no bearing on any decision the Court would make; and the argument that Defendant has the mental state of a 14-year-old can cut both ways.

2

Defendant had since been diagnosed with Asperger's Disorder. Defendant informed the Court that Dr. Kent Frank found Defendant met the criteria for Autism Spectrum Disorder and found Defendant's prognosis for improvement was good. Defendant highlighted Dr. Franks' statements that Defendant's "inappropriate online and sexual behavior was largely determined by Autistic Spectrum Disorder and internet/gambling addictions"; that his "online social behavior was very different from his real world behavior"; and that "[h]e became addicted to the internet and it was his primary reality." Defendant noted Dr. Franks' recommendation for "a disposition that favored treatment over punishment" and his statement that "[t]reatment and supervision that focused on those disorders would . . . greatly lessen his risk of sexual re-offense." Judge Rush denied Defendant's supplemental motion for release.

On October 29, 2015, Defendant filed a "second supplemental" motion for release. Defendant attached to his motion a report by Dr. Weis, a licensed clinical psychologist, who diagnosed Defendant with Asperger's Disorder and ADHD and recommended that Defendant undergo treatment at least three times per week, court-ordered psychotherapy with family and individual sessions, consultation with a physician about medication, and occupational counseling. Defendant argued that "defendant has no prior criminal record and is not a risk to flee or reoffend." Judge Rush denied Defendant's second supplemental motion for release. Defendant now appeals Judge Rush's order.

## STANDARD

Under 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing pursuant to subsection (f), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). To determine whether such

3

Case 6:14-cr-03077-MDH   Document 54   Filed 12/22/15   Page 3 of 6

condition or combination thereof exists, courts consider available information regarding: (1) the nature of the circumstances charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. *Id.* at § 3142(g). To justify detainment, the government must show by clear and convincing evidence that no such condition(s) will reasonably assure the safety of the community or by a preponderance of the evidence that no such conditions will reasonably assure the defendant's appearance. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Where there is probable cause to believe the defendant committed an offense involving a minor victim under 18 U.S.C. § 2252(a)(2), there exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* at § 3142(e)(3). As the Eighth Circuit explained:

> In a presumption case such as this, a defendant bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.

*Abad*, 350 F.3d at 797 (internal quotations and citations omitted).

## ANALYSIS

Applying the facts in this case to the law presented above, the Court finds by clear and convincing evidence that there is "no condition or combination of conditions will reasonably assure . . . the safety of the community" if Defendant is released pending trial.

The presumption in 18 U.S.C. § 3142(e)(3)(E) applies here because there is probable cause to believe that Defendant committed offenses involving a minor in violation of 18 U.S.C. §§ 2251, 2252. Because the statutory rebuttable presumption applies, Defendant bears a limited

4

burden to present evidence showing he does not pose a danger to the community.  Defendant has failed to meet that burden here.  The fact that Defendant suffers from a mental disorder and would benefit from treatment does not show that he would not pose a risk of danger to the community if released pending trial.  Although Defendant's mother is now allegedly home to monitor Defendant's activities, the Court notes that the unlawful activities charged in this case and the state court case allegedly occurred under her roof, including both inappropriate electronic communications with minors and inappropriate physical behaviors with minors.  Moreover, the Court need not hinge its dangerousness finding upon the promise of a mother.  Although Dr. Franks apparently attributes Defendant's inappropriate behaviors to internet addiction and "online social behavior . . . very different from his real world behavior[,]" the Court notes that Defendant took steps beyond the virtual world including sending photos of his penis to an underage girl, attempting to meet an 11-year-old girl at her elementary school, and engaging in sexual physical conduct with two minor females.  On balance, the Court finds the nature and circumstances of the offenses charged, the nature and seriousness of the danger posed to any person and/or the community if Defendant were released, the weight of the evidence against Defendant, and Defendant's mental illness all favor pretrial detention.

In light of the presumption favoring detention in cases involving offenses against minors, and considering all of the § 3142(g) factors, the Court finds by clear and convincing evidence that there are "no condition or combination of conditions will reasonably assure . . . the safety of the community" if Defendant is released pending trial.

## DECISION

For the foregoing reasons, the Court hereby **AFFIRMS** the decision of the Magistrate Judge denying Defendant's request for pretrial release. Defendant is detained without bail and shall remain in the custody of the Attorney General pending trial.

**IT IS SO ORDERED**.

Date: December 22, 2015         */s/ Douglas Harpool*
                                **DOUGLAS HARPOOL**
                                **UNITED STATES DISTRICT JUDGE**